IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    CRIMINAL NO. 10-50022-002

CHELSEA Y. MAHONE                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **Motion for Relief Under the First Step Act and for Reinstatement of Federal Benefits**. (Doc. 137)  The undersigned finds that no response is necessary and that the matter is ripe for consideration.

On July 20, 2010, the Defendant pled guilty to the offense of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine (Doc. 34.) On November 17, 2010, a judgment was entered sentencing the Defendant to 130 months imprisonment, five years supervised release, a $12,500 fine, a $100.00 special assessment, and the denial of federal benefits for five years. (Doc. 43.) Defendant's sentence was subsequently reduced to 110 months imprisonment pursuant to 18 U.S.C. § 3582 (c)(2) and U.S.S.G. Amendments 782 and 788. (Docs. 71-73.) Defendant was released from prison on the original judgment but is currently serving a 21 month term of imprisonment pursuant to a revocation of supervised release judgment that was entered on November 26, 2019. (Doc. 136.)

In the motion currently before the Court, Defendant seeks release to a half-way house "to ensure that [she] get[s] at least a few months to transition and . . . to resist more recidivism and relapse in [her] life." (Doc. 137 at pgs. 1-2.) The place of a prisoner's confinement is designated by the Bureau of Prisons (BOP). See 18 U.S.C. § 3621(b). The undersigned notes

that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant her request for release to a half-way house.

In the current motion, Defendant also requests reinstatement of her federal benefits, stating that she intends to go to college and apply for financial aid. Defendant's judgment denied her eligibility for federal benefits for five years. This five-year ineligibility period ran from the date of Defendant's conviction, November 17, 2010, and has now expired. See 18 U.S.C. § 862(a)(1). Thus, Defendant's request is moot.

Based upon the foregoing, the undersigned recommends **DENYING** Defendant's **Motion for Relief Under the First Step Act and for Reinstatement of Federal Benefits (Doc. 137) . The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

Entered this 24th day of April, 2020.

        /s/ *Erin L. Wiedemann*
        HON. ERIN L. WIEDEMANN
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)